UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT MORRIE HAYES,

Petitioner,

v.

KYLE OLSEN, WARDEN, *et al.*,

Respondents.

Case No. 3:20-cv-00631-MMD-WGC

ORDER

Robert Morrie Hayes' 28 U.S.C. § 2254 habeas corpus petition is before the Court on respondents' motion to dismiss certain grounds as unexhausted and/or non-cognizable. (ECF No. 13.) As discussed below, the motion is denied.

## I. PROCEDURAL HISTORY AND BACKGROUND

In August 2016, a jury found Hayes guilty of four counts of sexual assault with a minor under fourteen years of age and six counts of lewdness with a child under fourteen years of age (Exhibit ("Exh.") 39 at 28-31).[1] The state district court sentenced him to an aggregate of 40 years to life. (Exh. 41.) Judgment of conviction was entered on October 14, 2016. (Exh. 42.)

The Nevada Court of Appeals affirmed Hayes' conviction in September 2017. (Exh. 57.) The state district court conducted an evidentiary hearing on Hayes' state postconviction habeas corpus petition and subsequently denied the petition. (Exhs. 68, 73.) The Nevada Supreme Court affirmed the denial of the petition in July 2020. (Exh. 84.)

///

[1]The exhibits referenced in this order are exhibits to Respondents' motion to dismiss, ECF No. 13, and are found at ECF Nos. 10-12.

Hayes filed his federal petition on November 12, 2020. (ECF No. 1.) Respondents now move to dismiss certain grounds as unexhausted and/or non-cognizable. (ECF No. 13.) Hayes opposed (ECF No. 16), and Respondents replied (ECF No. 20).

## II. DISCUSSION

### a. Exhaustion – Ground 1

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.

However, citation to state case law that applies federal constitutional principles will suffice. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Respondents have moved to dismiss part of ground 1 as unexhausted. (ECF No. 13 at 3-6.) In ground 1, Hayes asserts that his trial counsel was ineffective for failing to conduct an adequate pretrial investigation, failing to request an independent psychological examination of the victim, and failing to present expert testimony in violation of his Sixth and Fourteenth Amendment rights. (ECF No. 1 at 17-28.) Respondents have divided the claim into (A), (B) and (C). They argue that ground 1(A), the claim that counsel was ineffective for failing to conduct an adequate pretrial investigation, is unexhausted. (ECF No. 13 at 5.)

Respondents parse out federal ground 1 too finely. Hayes states that he "received ineffective assistance of trial counsel for counsel's failure to conduct an adequate pretrial investigation. Specifically, trial counsel failed to request and obtain an independent psychological evaluation of A.G. as well as failed to present testimony of an expert regarding the state of mind of A.G., to include psychological motivations behind the fabrication of events[.]" (ECF No. 1 at 17.) Thus, ground 1 really argues that trial counsel was ineffective for failing to do two things: obtain a psychological evaluation and present expert testimony. Hayes presented these claims to the Nevada Supreme Court on appeal

of the denial of his state postconviction habeas petition. (Exhs. 81, 84.) The Court, therefore, finds that the entirety of ground 1 is exhausted.

**b. Claims Cognizable in Federal Habeas Corpus (state law claims) – Ground 2**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *See Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

Hayes contends that his Fourteenth Amendment due process rights were violated when the district court imposed consecutive sentences "in the absence of preexistent, cognizable and reviewable standards and criteria permitting its imposition[.]" (ECF No. 1 at 28-37.)

NRS § 176.035(1) provides that whenever a person is convicted of two or more offenses, the court "*may*" run the sentences concurrently or consecutively (emphasis added). Hayes points to several other states that require consideration of specific criteria before sentencing a defendant to consecutive terms. (ECF No. 1 at 32-34.) He argues that under *Hicks v. Oklahoma*, 447 U.S. 343 (1980), the lack of preexistent and reviewable criteria violates his due process rights (ECF No. 1 at 37).

The Nevada Court of Appeals explicitly analyzed whether the statute violates federal due process when it rejected this claim on direct appeal. (Exh. 57.) Therefore, the Court declines to dismiss ground 2 as a purely state law claim.

## III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 13) is denied.

It is further ordered that Respondents have 60 days from the date of this order in which to file an answer to Petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the

petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have 45 days following service of Respondents' answer in which to file a reply.

It is further ordered that Respondents' first, second, and third motions for extension of time to file a reply in support of the motion to dismiss (ECF Nos. 17, 18, and 19) are all granted *nunc pro tunc*.

DATED THIS 25th Day of January 2022.

MIRANDA M. DU, CHIEF JUDGE
UNITED STATES DISTRICT COURT